# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TIMOTHY HAGBERG,**
      **Plaintiff,**

     v.                                              Case No. 08-C-0532

**STATE OF WISCONSIN,**
**WISCONSIN DEPARTMENT OF CORRECTIONS,**
**and GREENWOOD, HSU Supervisor,**
      **Defendants,**

## ORDER

Plaintiff, Timothy Hagberg, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Before me now are: (1) plaintiff's petition to proceed in forma pauperis; (2) plaintiff's complaint for screening; and (3) plaintiff's motions to appoint counsel.

### I. PETITION TO PROCEED IN FORMA PAUPERIS

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. Plaintiff has been assessed and paid an initial partial filing fee of $17.97, plus additional payments for a total of $111.88 of the $350.00 filing fee. Thus, I will grant plaintiff's petition to proceed in forma pauperis.

## II. SCREENING OF PLAINTIFF'S COMPLAINT

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). I may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give

the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**Complaint Averments**

Plaintiff has lodged a complaint naming the State of Wisconsin, the Department of Corrections and the Greenwood HSU Supervisor as defendants. He asserts a claim under the Eighth Amendment for deliberate indifference arising out of the treatment of an injury he sustained while incarcerated at Green Bay Correctional Institution (GBCI).

According to his complaint,[1] plaintiff alleges that he slipped and fell on ice while returning from recreation on February 11, 2008. That day, plaintiff received treatment in the

---

[1] The plaintiff attaches a number of documents to the complaint. These attachments are considered part of the complaint. See Fed. R. Civ. P. 10(c).

Health Services Unit ("HSU") and was told to put ice on his rib. Plaintiff also made a Health Service Request on February 11, 2008 that acknowledged he had seen HSU. HSU responded that he had been seen and that plaintiff should let HSU know if something changes. Plaintiff made another request dated February 10, 2008, stating "My broke rib still hurts!"[2] In response, HSU placed plaintiff on the list for a sick call. On February 13, 2008, plaintiff wrote a third Health Service Request referencing his fall and injury to his neck, back and right rib. Plaintiff wrote that his injuries still hurt and that he was having more dizzy spells and more pain. HSU responded that plaintiff was scheduled to be seen February 15, 2008.

The documents attached to the complaint indicate that plaintiff's inmate complaint alleging that HSU would not see him was dismissed because "the inmate has been and continues to be seen by HSU for his medical concerns." (Compl. at 14.) The inmate complaint examiner wrote: "Inmate Hagberg was seen and evaluated by RN Lemens on the day of the fall. He is scheduled for a follow up tomorrow, 02/15/08. GBCI attempts to keep the walkways as clean as possible." (Id.)

**Eighth Amendment**

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001); see also Estelle v. Gamble, 429

---

[2] This health services request is dated the day before plaintiff's fall, and there is no explanation for the date discrepancy. I will assume plaintiff's request was made after his fall, but my analysis of plaintiff's complaint would not change if the date was correct and plaintiff had a broken rib prior to his fall.

4

U.S. 97, 104-05 (1976); Zentmyer v. Kendall County, Illinois, 220 F.3d 805, 810 (7th Cir. 2000).

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) (quoting Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997)). Factors that indicate a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Gutierrez, 111 F.3d at 1373 (citations omitted). A medical condition need not be life-threatening to qualify as serious and to support a § 1983 claim, providing the denial of medical care could result in further significant injury or in the unnecessary infliction of pain. See Reed v. McBride, 178 F.3d 849, 852-53 (7th Cir. 1999); Gutierrez, 111 F.3d at 1371.

A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. Prison officials act with deliberate indifference when they act "intentionally or in a criminally reckless manner." Tesch v. County of Green Lake, 157 F.3d 465, 474 (7th Cir. 1998). Neither negligence nor even gross negligence is a sufficient basis for liability. See Salazar v. City of Chicago, 940 F.2d 233, 238 (7th Cir. 1991). A finding of deliberate indifference requires evidence "that the official was aware of the risk and consciously disregarded it nonetheless." Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001) (citing Farmer, 511 U.S. at 840-42).

In determining whether an official's conduct rises to the deliberate indifference standard, a court may not look at the alleged acts of denial in isolation; it "must examine the totality of an inmate's medical care." Gutierrez, 111 F.3d at 1375. In Gutierrez, isolated incidents of delay, during ten months of prompt, extensive treatment did not amount to deliberate indifference. Id. Similarly, in Dunigan v. Winnebago County, 165 F.3d 587, 591 (7th Cir. 1999), "factual highlights" of neglect over three months of otherwise unobjectionable treatment were insufficient to avoid summary judgment.

Plaintiff's complaint boils down to an argument that he should have been seen again more quickly than his February 15, 2008 scheduled appointment. Although plaintiff's course of treatment following his fall may not have proceeded exactly as he wished, plaintiff's allegations regarding his medical treatment make clear that he was not treated with deliberate indifference. In fact, plaintiff's complaint and the documents he attached reflect the treatment plaintiff received after his fall, treatment that contradicts plaintiff's claim of deliberate indifference. Plaintiff has pled himself out of court. Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003) (holding that plaintiff "has simply pled himself out of court by saying too much"); Jackson v. Marion County, 66 F.3d 151, 153 (7th Cir. 1995) ("[A] plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts."). Plaintiff does not state a claim that defendants violated his rights under the Eighth Amendment.

Moreover, to the extent that the plaintiff advances a potential claim based on slush and ice on the sidewalk or the absence of caution signs near the sidewalk where he fell, his allegations amount only to negligence. See Frost v. McCaughtry, 215 F.3d 1329, 2000 WL 767841 at *2 (7th Cir. 2000) (unpublished). Negligence is not enough to sustain a claim

6

under 42 U.S.C. § 1983. Thomas v. Farley, 31 F.3d 557, 558 (7th Cir. 1994); see also Antonelli v. Sheahan, 81 F.3d 1422, 1429 (7th Cir. 1996).

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. See House v. Belford, 956 F.2d 711, 720 (7th Cir. 1992) (quoting Williams v. Faulkner, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. Neitzke v. Williams, 490 U.S. 319 (1989)).

### III.  MOTIONS TO APPOINT COUNSEL

Plaintiff has filed two motions to appoint counsel. My decision regarding plaintiff's complaint renders these motions moot, and I will deny them as such.

### IV.  CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that the plaintiff's petition to proceed in forma pauperis (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #7) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #10) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $238.12 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 7 day of November, 2008.

/s_____
LYNN ADELMAN
District Judge